UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JANE DOE,

        Plaintiff,

v.

OCEAN REEF COMMUNITY ASSOCIATION,
ORCAT, INC., and DAVID RITZ

        Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff, Jane Doe (hereinafter "Plaintiff"), sues Defendants, Ocean Reef Community Association (hereinafter "ORCA"), ORCAT, Inc. ("ORCAT") and David Ritz ("Defendant Ritz"), and alleges:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is *sui juris* and has been a resident of Monroe County, Florida at all material times. Plaintiff was employed by ORCA and ORCAT. Plaintiff proceeds using a pseudonym to protect her privacy because she is a child victim of sexual abuse and because she fears further psychological injury to herself and her family if her name were publicly disclosed, as this lawsuit deals with the most intimate, painful, and humiliating events in her life.

2. ORCA is a homeowners' association and Florida Not for Profit Corporation with its principal place of business in Monroe County, Florida.

3. ORCAT, a related entity of ORCA, is a Florida Not for Profit Corporation and is ORCA's "cat trap-neuter-release program," with its principal place of business in Monroe County, Florida.

4. ORCA is the registered agent of ORCAT and manages and/or oversees the work of ORCAT.

5. At all times material hereto, ORCA and ORCAT were each a covered "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b) ("Title VII"), and the Florida Civil Rights Act, Fla. Stat.§ 760.01 *et. seq*. (the "FCRA").

6. ORCA and ORCAT employed Plaintiff until the constructive termination of her employment in September, 2018.

7. Unless otherwise expressly stated herein both ORCA and ORCAT shall collectively be referred to as the "ORCA Entities."

8. Defendant Ritz is *sui juris* and has been a resident of Monroe County, Florida. At all times material hereto, he was the President of ORCA and managed and/or supervised the ORCA Entities.

9. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and Title VII, and supplemental jurisdiction under 28 U.S.C. § 1367.

10. Venue is proper because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

11. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

**CONDITIONS PRECEDENT TO BRINGING SUIT**

12. Conditions precedent to bringing this action have occurred, been performed, are waived, have been excused, or are properly subject to equitable modification, as set forth herein.

13. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") and the Florida Commission on Human Rights (the "FCHR") on November 7, 2018, within 300 days of the ORCA Entities' commission of the unlawful employment practices. Plaintiff's Charge of Discrimination, with her name redacted, is attached hereto as "Exhibit A."

14. On or about May 10, 2019, and subsequently on May 28, 2019, after 180 days had passed since the filing of Plaintiff's Charge, Plaintiff requested a Notice of Right to Sue. Plaintiff's May 28, 2019 Letter, with her name redacted, is attached hereto as "Exhibit B."

15. Upon the passing of 180 days from the date Plaintiff's Charge was filed, Plaintiff was eligible to receive a Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(a)(1).

16. Plaintiff has notified the EEOC that since over 180 days have passed since the filing of Plaintiff's Charge of Discrimination, all conditions precedent to the filing of this action have been fulfilled and that Plaintiff is proceeding with this action.

## ALLEGATIONS COMMON TO ALL COUNTS

17. The ORCA Entities have long sponsored, promoted or permitted a toxic workplace environment hostile to its female work force, inclusive of Plaintiff.

18. Prior to her employment with the ORCA Entities, Plaintiff and Defendant Ritz were involved in what began as a romantic relationship. Over time, the relationship became abusive as Defendant Ritz, over Plaintiff's objection, often directed Plaintiff to perform certain sexual acts which he would then photograph, or video.

19. When their relationship terminated, Plaintiff demanded that Defendant Ritz destroy all of the embarrassing and humiliating photos and videos.

20.     On or about January, 2007, Defendant Ritz informed Plaintiff that he had not destroyed but instead had retained digital copies of the photos and videos he had taken of Plaintiff. Indeed, Defendant Ritz maintained a website, www.stylephoto.us, which for a time not yet known to Plaintiff, displayed nude photos of Plaintiff.

21.     At all times material hereto, Plaintiff reasonably believed that Defendant Ritz's continued possession of intimate, recorded, and photographed encounters with Plaintiff were intended to control and manipulate Plaintiff, enabling Defendant Ritz to continue his exploitation and abuse of Plaintiff.

22.     At all material times herein, Defendant Ritz's repeated refrain to Plaintiff was to remind her that, "Remember, I am ORCA," which he repeated when he hand-delivered Plaintiff her paycheck.

23.     At all times material herein, Defendant Ritz demanded that Plaintiff engage in oral, vaginal, and anal sex with him.  All such incidents occurred either in Defendant Ritz's residence, or in Plaintiff's residence.

24.     At other times during working hours at the work place, Defendant Ritz made unwelcome and public advances on Plaintiff, including hugging Plaintiff, pressing his body against hers while grabbing her buttocks, referring loudly to Plaintiff as "Baby" and remarking that she "had a nice ass", forcibly kissing Plaintiff and shoving his tongue into her mouth and pushing his erect penis against Plaintiff's body.  This occurred unabated and at least monthly through November of 2017.

25.     Plaintiff reasonably believed that disclosure of Defendant Ritz's conduct would result in the loss of her employment and the disclosure of the photos and videos Defendant Ritz had taken of Plaintiff.

26. Plaintiff also reasonably believed that internal reporting of Defendant Ritz's misconduct would be futile, as the ORCA Entities were controlled by Defendant Ritz and had long participated in and/or ratified misogyny directed to its female work force.

27. On or about January, 2018, in response to another ORCA employee's allegations of gender bias and harassment, the ORCA Entities launched a so-called "investigation."

28. On or about late spring or early summer 2018, Plaintiff was thereafter summoned for questioning by appointed counsel for the ORCA Entities. Upon information and belief, the ORCA Entities were responding to related allegations of sexual harassment in the work place by another ORCA employee.

29. Plaintiff requested that she be permitted to retain her own counsel because of her concerns that her employment would be jeopardized and/or that Defendant Ritz would retaliate.

30. Plaintiff's request was ignored or denied.

31. Plaintiff's report of sexual abuse, sexual misconduct and harassment made during her questioning is believed to be consistent with the allegations made in this Complaint.

32. At all times material, the "investigation" was a pretext to intimidate and silence Plaintiff and other victims of Defendant Ritz's unlawful conduct.

33. In June, 2018, Plaintiff's parents received a threatening phone call from an individual who identified himself as an ORCA employee, suggesting that Plaintiff would suffer consequences for disclosing information regarding Defendant Ritz's misconduct. Upon information and belief, this individual acted at the direction of the ORCA Entities and/or Ritz, and within the course and scope of his employment.

34. Beginning on or about August, 2018, the ORCA Entities commenced mandatory training for its employees, the stated purpose of which was the identification, prevention and

reporting of sexual misconduct and harassment in the work place. The subject program and training was conducted under the supervision and control of Defendant Ritz, who presided over such training and provided introductory remarks to the employees.

35. Plaintiff resigned from her employment on or about September, 2018. Her resignation was the direct and proximate result of a hostile work environment that the ORCA Entities and Defendant Ritz had perpetrated, and which continued unabated.

36. Plaintiff's resignation was, as a matter of law, a constructive discharge.

### COUNT I
### Violation of Title VII and the FCRA – Sexual Harassment-Hostile Work Environment (The ORCA Entities)

37. Plaintiff re-alleges paragraphs 1 through 36, as if fully stated herein.

38. Plaintiff, a female, was subjected to pervasive, severe sexual harassment by Ritz, an agent and/or employee of the ORCA Entities, on the basis of her gender.

39. The harassment unreasonably interfered with Plaintiff's work performance and created an abusive, hostile work environment in violation of Title VII and the FCRA.

40. The ORCA Entities were aware of the harassment, and sponsored, created or otherwise fostered the abusive, hostile work environment and/or permitted its existence.

41. As a proximate result, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against the ORCA Entities for her damages, inclusive of back pay, lost benefits, front pay, compensation for emotional pain and mental anguish, punitive damages, her reasonable attorneys' fees and costs, and such other relief the Court deems to be just and proper.

## COUNT II
### Violation of Title VII and the FCRA – Constructive Discharge (The ORCA Entities)

42. Plaintiff re-alleges paragraphs 1 through 36, as if fully stated herein.

43. The ORCA Entities' hostile treatment of Plaintiff made Plaintiff's working conditions so intolerable that a reasonable person in like circumstances would have felt compelled to resign.

44. Plaintiff resigned from her position due to the ORCA Entities' hostile work environment, which the ORCA Entities knowingly allowed to persist.

45. The ORCA Entities' unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff.

WHEREFORE, Plaintiff demands judgment against the ORCA Entities for her damages, inclusive of back pay, lost benefits, front pay, compensation for emotional pain and mental anguish, punitive damages, her reasonable attorneys' fees and costs, and such other relief the Court deems to be just and proper.

## COUNT III
### Violation of Title VII and the FCRA – Retaliation (The ORCA Entities)

46. Plaintiff re-alleges paragraphs 1 through 36, as if fully stated herein.

47. As set forth herein, Plaintiff assisted and/or participated in the ORCA Entities' internal investigation into allegations of employment practices made illegal by Title VII and the FCRA, inclusive of gender bias and harassment.

48. As set forth herein, as a proximate result of Plaintiff's assistance and/or participation in the ORCA Entities' internal investigation, the ORCA Entities retaliated against Plaintiff by intentionally creating a hostile work environment for Plaintiff.

49. As set forth herein, in paragraph 33, as a proximate result of Plaintiff's assistance and/or participation in the ORCA Entities' internal investigation, Plaintiff has been the subject of retaliation by an ORCA employee who acted at the direction or control of the ORCA Entities.

50. This retaliation was reasonably related to and grows out of Plaintiff's assistance and/or participation in the ORCA Entities' internal investigation.

51. As a proximate result of this retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, lost wages and benefits, damage to her professional career and reputation, personal humiliation, mental anguish and embarrassment.

WHEREFORE, Plaintiff demands judgment against the ORCA Entities for her damages, inclusive of back pay, lost benefits, front pay, compensation for emotional pain and mental anguish, punitive damages, her reasonable attorneys' fees and costs, and such other relief the Court deems to be just and proper.

### COUNT IV
### Battery
(Defendant Ritz)

52. Plaintiff re-alleges paragraphs 1 through 36, as if fully stated herein.

53. On multiple occasions, as alleged above, Defendant Ritz intended to make bodily contact with Plaintiff.

54. On multiple occasions, Defendant Ritz intentionally made uninvited, unauthorized, offensive physical contact with Plaintiff.

55. As a proximate result, Plaintiff has suffered emotional and psychological trauma, economic damage, and loss of income. She continues to suffer from suicidal ideations, anxiety, depression, night terrors, dissociative disorder, humiliation and the loss of enjoyment of life.

56. Plaintiff has commenced psychotherapy and medical treatment for the substantial emotional and psychological harm she has suffered or which has been exacerbated.

WHEREFORE, Plaintiff demands judgment against Defendant Ritz for compensatory damages, punitive damages and taxable costs.

## COUNT V
### Sexual Assault
(Defendant Ritz)

57. Plaintiff re-alleges paragraphs 1 through 36 as if fully stated herein.

58. Defendant Ritz made intentional, unlawful threats of harmful and offensive sexual contact upon Plaintiff.

59. Defendant Ritz's conduct placed Plaintiff in imminent fear of being subjected to Defendant Ritz's sexual battery.

60. Defendant Ritz had the apparent and present ability to assault Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Ritz for compensatory damages, punitive damages, and taxable costs.

## COUNT VI
### Intentional Infliction of Emotional Distress
(Defendant Ritz)

61. Plaintiff re-alleges paragraphs 1 through 36 as if fully stated herein.

62. Defendant Ritz engaged in extreme and outrageous conduct by committing acts of sexual assault and sexual battery upon Plaintiff, as set forth above.

63. Defendant Ritz intended to cause Plaintiff severe emotional distress.

64. As a proximate result of Defendant Ritz's extreme and outrageous conduct, Plaintiff experienced severe emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant Ritz for compensatory damages, punitive damages, and taxable costs.

### COUNT VII
### Vicarious Liability/Respondeat Superior
(ORCA Entities)

65. Plaintiff re-alleges paragraphs 1 through 36 as if fully stated herein.

66. At all times material hereto, as President of ORCA, Defendant Ritz was the actual or apparent agent of ORCA and ORCAT, in furtherance of the business and management of the ORCA Entities.

67. Defendant Ritz committed the tortious acts described in Counts IV through VI herein, within the course and scope of his agency and at all material times his conduct occurred within the time and space limits of his work as actually or apparently was authorized by the ORCA Entities.

68. The ORCA Entities are liable for their agent's wrongful conduct pursuant to the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff demands judgment against the ORCA Entities for compensatory damages, punitive damages, and taxable costs.

### COUNT VIII
### Negligent Retention
(ORCA Entities)

69. Plaintiff re-alleges paragraphs 1 through 36 as if fully stated herein.

70. The ORCA Entities had a duty to exercise reasonable care to manage Defendant Ritz so as to prevent him from harming others.

71. The ORCA Entities knew or should have known that Defendant Ritz posed a danger to the female employees of ORCA.

72. The ORCA Entities' breach of duty was the proximate cause of Plaintiff's damage and injuries.

WHEREFORE, Plaintiff demands judgment against the ORCA Entities, jointly and severally, for compensatory damages, punitive damages, and taxable costs.

## COUNT IX
### Negligent Supervision
(ORCA Entities)

73. Plaintiff re-alleges paragraphs 1 through 36 as if fully stated herein.

74. The ORCA Entities had a duty to exercise reasonable care to control Defendant Ritz and to prevent him from harming others. ORCA also had a duty to maintain a safe workplace.

75. At all relevant times, Defendant Ritz was the agent and employee of the ORCA Entities, and at all times material hereto was acting within the course and scope of his authority.

76. The ORCA Entities breached their duty of care to Plaintiff, and Defendant Ritz's breach of duty was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against the ORCA Entities jointly and severally, for compensatory damages, punitive damages, and taxable costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all such claims as may be so triable as of right.

Dated: May 31, 2019

**WEIL SNYDER & RAVINDRAN, P.A.**
201 South Biscayne Boulevard
Citigroup Center, Suite 720
Miami, FL  33131
Telephone:     305.372.5352
Facsimile:      305.372.5355

By: *s/Ronald P. Weil*
 Ronald P. Weil, Esq. (169966)
 E-Mail: RWeil@weillawfirm.net
 Marguerite Snyder, Esq. (79082)
 E-Mail: MSnyder@weillawfirm.net
 Sec. Email: Service@weillawfirm.net

JS 44 (Rev. 06/17) FLSD Revised 06/01/2017

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** JANE DOE

**DEFENDANTS** OCEAN REEF COMMUNITY ASSOCIATION, ORCAT, INC., and DAVID RITZ

**(b)** County of Residence of First Listed Plaintiff MIAMI-DADE COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant MONROE COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ronald P. Weil & Marguerite C. Snyder, Weil Snyder & Ravindran
201 S. Biscayne Blvd., Suite 720, Miami, FL 33131

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Re-filed *(See VI below)*
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation Transfer
- ☐ 7 Appeal to District Judge from Magistrate Judgment
- ☐ 8 Multidistrict Litigation – Direct File
- ☐ 9 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)** (See instructions): a) Re-filed Case ☐YES ☐NO   b) Related Cases ☐YES ☐NO
JUDGE:   DOCKET NUMBER:

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(b), Fla. Stat. § 760.01
LENGTH OF TRIAL via 10 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE 5/31/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   IFP   JUDGE   MAG JUDGE